IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

FILED BY _AC_ D.C.

05 AUG 11 PM 4: 24

THOMAS M. GOULD
CLERK, U.S. DISTRICT COURT
W/D OF TN MEMPHIS

|   |   |
|---|---|
| WALTER MCGHEE, II, | X X X |
| Plaintiff, | X X |
| vs. | X   No. 05-2525-D/V |
| ANDREW PALMER, | X X |
| Defendant. | X X X |

ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS
ORDER DENYING MOTION FOR APPOINTMENT OF COUNSEL
ORDER OF DISMISSAL
ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
NOTICE OF APPELLATE FILING FEE

Plaintiff Walter McGhee, II, a citizen of Memphis, Tennessee, has filed a complaint under 42 U.S.C. § 1983 along with motion to proceed in forma pauperis and for appointment of counsel. The motion is GRANTED. The Clerk of Court shall file the case and record the defendant as Andrew Palmer.

A district court is vested with broad discretion in determining whether to appoint counsel for an indigent civil litigant. See Lavado v. Keohane, 992 F.2d 601, 604-05 (6th Cir. 1993). Notably, however, appointment of counsel in a civil case is not a constitutional right, and courts generally do not appoint counsel in a civil case absent a showing of "exceptional circumstances." Id. at 605-06. In determining whether an appointment is warranted, courts evaluate the type of case, the complexity of the factual and legal issues involved, and the

ability of the litigant to represent himself. See id. at 606; Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993)("The key [to determining whether exceptional circumstances exist] is whether the pro se litigant needs help in presenting the essential merits of his or her position to the court. Where the facts and issues are simple, he or she usually will not need such help.") Appointment of counsel in a civil case is not appropriate when a litigant's claims are frivolous, or when the chances of success are extremely slim. See Lavado, 992 F.2d at 604-05; Maclin v. Freake, 650 F.2d 885, 887 (7th Cir. 1981)("[B]efore the court is justified in exercising its discretion in favor of appointment, it must first appear that the claim has some merit in fact and law.").

The Court concludes that an appointment of counsel is not warranted. As explained below, McGhee's complaint is to be dismissed and his motion for appointment of counsel is denied.

Plaintiff McGhee sues Memphis Police Officer Andrew Palmer. McGhee alleges that Palmer arrested him on July 27, 2000 in retaliation for exercising his First Amendment right to free speech. He alleges that he was arrested and searched without probable cause. McGhee further alleges that he was not properly Mirandized. McGhee alleges that the Officer failed to appear at a court hearing on March 31, 2001, and the charges against him were dismissed. He further alleges that he was "libelled" at the time of his arrest. Although the charges against him were dismissed, he contends he should have been allowed to testify and his right to

2

confront his accusers was violated. McGhee contends that his complaint:

> is timely because federal law trumps all state laws and there is not statute of limitations on federal civil rights claims. Therefore there should be no statute of limitations on state civil rights claims since all states abide by federal law. No state shall make a law that is in conflict with the Constitution.

McGhee further contends the Tenn. Code Ann. § 28-3-104 is unconstitutional.

The statute of limitations applicable to actions brought under the federal civil rights statutes is the limitations period governing personal injury claims in the state in which the claim arose. Wilson v. Garcia, 471 U.S. 261, 175-76 (1985). In Tennessee, the applicable limitation period is one year after the cause of action accrues. Tenn. Code Ann. § 28-3-104(a)(3); Jackson v. Richards Medical Co., 961 F.2d 575, 578 (6th Cir. 1992); Bernt v. State of Tennessee, 796 F.2d 879 (6th Cir. 1986)(applying statute to § 1983).[1]

Although the statute of limitations is normally an affirmative defense that should be raised by the defendant, and although ordinarily "a complaint should not be dismissed as frivolous on the basis of an affirmative defense", a court may act sua sponte to dismiss a complaint if "the defense is obvious from the face of the complaint." Stringfellow v. Wadsworth Police Dept., No. 96-3815, 1997 WL 327313 (6th Cir. June 12, 1997)(quoting Yellen v. Cooper,

---

[1] Even if plaintiff's claim against Palmer were construed only as a libel action (which could not be maintained in federal court), it would still be time barred. Any action for libel must be brought "within one (1) year after the cause of action accrued." Tenn. Code Ann. § 28-3-104(a)(1).

3

828 F.2d 1471, 1475-76 (10th Cir. 1987)).[2]  See also Franklin v. Murphy, 745 F.2d 1221, 1228 (9th Cir. 1984)(holding that "[a]n action may be dismissed under section 1915(d) where the defense is complete and obvious from the face of the pleadings or the court's own records."). Here, all allegations are of events which arose over four years before this complaint was filed. Accordingly, these claims are barred by the statute of limitations.

Accordingly, this complaint lacks an arguable basis either in law or in fact, and is legally frivolous. See Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The term 'frivolous' is used to denote not only a claim wholly lacking in merit but also a suit that, for whatever reason, clearly can't be maintained." Okoro v. Bohman, 164 F.3d 1059, 1063 (7th Cir. 1999)(categorizing nature of various types of dismissals for purposes of frivolity and res judicata and concluding that dismissals for want of jurisdiction count as frivolous). As the complaint is frivolous and fails to state a claim upon which relief may be granted, it is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i) and (ii).

The final issue to be addressed is whether plaintiff should be allowed to appeal this decision in forma pauperis. Twenty-eight U.S.C. § 1915(a)(3) provides that an appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

---

[2]   Although citation to unpublished Sixth Circuit precedents is disfavored, this case is referred to in the absence of clear published case law from this Circuit "because it establishes the law governing the present action and 'there is no [Sixth Circuit] published opinion that would serve as well.'" Norton v. Parke, 892 F.2d 476, 479 n.7 (6th Cir. 1989).

4

The good faith standard is an objective one. <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962). An appeal is not taken in good faith if the issue presented is frivolous. <u>Id.</u> Accordingly, it would be inconsistent for a district court to determine that a complaint is too frivolous to be served, yet has sufficient merit to support an appeal <u>in forma pauperis</u>. <u>See</u> <u>Williams v. Kullman</u>, 722 F.2d 1048, 1050 n.1 (2d Cir. 1983). The same considerations that lead the Court to dismiss this case as frivolous and for failure to state a claim also compel the conclusion that an appeal would be frivolous.

It is therefore CERTIFIED, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal in this matter by plaintiff is not taken in good faith and plaintiff may not proceed on appeal <u>in forma pauperis</u>.

The Sixth Circuit Court of Appeals decisions in <u>McGore v. Wrigglesworth</u>, 114 F.3d 601 (6th Cir. 1997), and <u>Floyd v. United States Postal Service</u>, 105 F.3d 274 (6th Cir. 1997), apply to any appeal filed by the plaintiff in this case.

If plaintiff files a notice of appeal, he must pay the entire $255 filing fee required by 28 U.S.C. §§ 1913 and 1917.[3] The entire filing fee must be paid within thirty days of the filing of the notice of appeal.

---

[3]  The fee for docketing an appeal is $250. <u>See</u> Judicial Conference Schedule of Fees, ¶ 1, Note following 28 U.S.C. § 1913. Under 28 U.S.C. § 1917, a district court also charges a $5 fee:

> Upon the filing of any separate or joint notice of appeal or application for appeal or upon the receipt of any order allowing, or notice of the allowance of, an appeal or of a writ of certiorari $5 shall be paid to the Clerk of the district court, by the appellant or petitioner.

5

By filing a notice of appeal the plaintiff becomes liable for the full amount of the filing fee, regardless of the subsequent progress of the appeal. If the plaintiff fails to comply with the above assessment of the appellate filing fee within thirty days[4] of the filing of the notice of appeal or the entry of this order, whichever occurred later, the district court will notify the Sixth Circuit, who will dismiss the appeal. If the appeal is dismissed, it will not be reinstated once the fee is paid. McGore, 114 F.3d at 610.

IT IS SO ORDERED this 11th day of August, 2005.

*[signature]*
BERNICE B. DONALD
UNITED STATES DISTRICT JUDGE

---

[4] The district court may extend this deadline one time by thirty days if the motion to extend is filed within the meaning of Houston v. Lack, 487 U.S. 266 (1988), and Fed. R. App. P. 4(c) before the expiration of the original deadline. McGore, 114 F.3d at 610.

6

UNITED STATES DISTRICT COURT - WESTERN DISTRICT OF TENNESSEE



# Notice of Distribution

This notice confirms a copy of the document docketed as number 3 in case 2:05-CV-02525 was distributed by fax, mail, or direct printing on August 16, 2005 to the parties listed.

---

Walter McGhee
2810 Montague Avenue
Memphis, TN 38114

Honorable Bernice Donald
US DISTRICT COURT